## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN REYNALDO PEREZ,<br>    Plaintiff | § § § | |
| VS. | § § | C.A. NO. C-12-376 |
| UNITED STATES OF AMERICA,<br>et al.,<br>    Defendants | § § § § | |

### OPINION AND ORDER OF DISMISSAL

This case was filed as a civil rights action by a state prisoner pursuant to <u>Bivens v.</u>

<u>Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct.

1999, 29 L.Ed.2d 619 (1971).[1]  Plaintiff also seeks damages under the Federal Tort

Claims Act, 28 U.S.C. § 1346(b) ("FTCA").

Under 42 U.S.C. § 1997e, any prisoner action brought under federal law must be

dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief from a defendant immune from such relief.  <u>See</u>

42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to

screening regardless of whether he prepays the entire filing fee or proceeds as a pauper.

<u>Ruiz v. United States</u>, 160 F.3d 273, 274 (5th Cir. 1998)(per curiam); <u>Martin v. Scott</u>, 156

F.3d 578, 580 (5th Cir. 1998)(per curiam).  Because Plaintiff is appearing *pro se*, his

---

[1] <u>Bivens</u> is the federal counterpart to 42 U.S.C. § 1983 and it extends to parties
injured by federal actors the protections afforded under § 1983 to parties injured by state
actors.  <u>Abate v. Southern Pac. Transp. Co.</u>, 993 F.2d 107, 110 (5th Cir. 1993).

complaint must be read indulgently.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  In addition, his allegations must be accepted as true, unless they are clearly irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733-34, 118 L.Ed.2d 340 (1992).

Applying these standards, Plaintiff's complaint is dismissed because his claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and all claims not barred by Heck are barred by the statute of limitations.

## JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff currently is in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID") and is incarcerated at the Connally Unit in Kenedy, Texas.  In October 2003, Plaintiff was indicted in federal court on three counts of possessing with intent to distribute a controlled substance.  United States v. Perez, No. C-03-278 (S.D. Tex. Oct. 8, 2003) at D.E. 1.  On December 1, 2003, Plaintiff pleaded guilty to one of the counts and the other two were dismissed.  Id. at D.E. 8.  On February 11, 2004, Plaintiff was sentenced by Hon. Janis Graham Jack to serve a term of twenty-seven months in the federal Bureau of Prisons ("BOP") to be followed by a three-year term of supervised release.  Id. at D.E. 15.

2

On January 9, 2007, United States Probation Officer James Martinez petitioned the Court for a warrant or summons to detain Plaintiff for violating the terms of his supervision.  It was alleged that he had twice possessed and used a controlled substance and had failed to abide by the rules of his drug treatment program and regulations.  In addition, it was alleged that he had failed to notify his probation officer within seventy-two hours of questioning by a law enforcement officer regarding a forgery offense.  It was recommended by the probation officer that Plaintiff's term of supervised release be revoked.  The Court issued a warrant and set a cash bond of $75,000.  Id. at D.E. 23.

On January 11, 2007, before the first federal warrant was served, Plaintiff was arrested by the Corpus Christi Police Department on a state felony warrant for murder and was in state custody.  On March 1, 2007, United States Probation Officer Rodrigo Perez filed a superseding petition seeking revocation of Plaintiff's term of supervised release, alleging that he had committed the felonies of murder and unlawful possession of a firearm by a felon, re-alleging the other violations of his supervised release and also alleging that Plaintiff had failed to abide by his nighttime restriction.  On that same day, the Court signed an order that the allegations contained in the superseding petition would be considered at a revocation proceeding to be set before the Court.  Id. at D.E. 24.

On June 2, 2008, United States Probation Officer Rodrigo Perez filed a second superseding petition, noting that Plaintiff had been convicted of murder in a Nueces County court on April 14, 2008 and was assessed a sixty-year sentence.  Plaintiff was still

in custody at the Nueces County Jail, awaiting a second trial for the charge of unlawful possession of a firearm by a felon, set for June 10, 2008. The petition made the same allegations as had been made in the earlier petitions, and additionally alleged that Plaintiff had used the prescription drug Xanax without a prescription. The Federal Court ordered that a warrant be issued, without bond. Id. at D.E. 25.

All of the warrants were issued, but were returned unserved because Plaintiff appeared in Federal Court on July 17, 2008 pursuant to a writ of habeas corpus ad prosequendum. Id. at D.E. 26-27, 31-34. On that day, Plaintiff's term of supervised release was revoked and he was sentenced to twenty-four months to be served consecutively to his state court convictions for murder and for being a felon in possession of a firearm. Id. at D.E. 36.

On May 22, 2009, Plaintiff filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Texas, arguing that he was entitled to credit toward his federal sentence for the time he had spent in state custody. The district court denied relief. Perez v. Lappin, No. SA-9-CA-409-XR (W.D. Tex. July 6, 2009). Plaintiff filed an application for leave to proceed in forma pauperis on appeal and the Fifth Circuit Court of Appeals denied the application, finding Plaintiff could not show that he would present a non-frivolous appellate issue. The court found that because

4

the time had been credited to his state sentence, it could not also be credited to his federal sentence. Perez v. Lappin, 361 Fed. Appx. 561, 562 (5th Cir. 2010)(per curiam).[2]

On April 13, 2010, Plaintiff filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, alleging that he was denied counsel at a critical stage of the federal proceedings, his consecutive sentence was improper and resulted in double punishment and that the federal sentencing judge acted in concert with the state judge to deprive Plaintiff of his constitutional rights. Id. at D.E. 40. The motion was denied and final judgment was entered on April 6, 2011. Id. at D.E. 74-75. Plaintiff sought a certificate of appealability from the Fifth Circuit Court of Appeals and it was denied on December 7, 2011 (D.E. 87).

In the instant action, Plaintiff asserts that when the Federal Court signed the first warrant for revocation on January 9, 2007, bond was set at $75,000 but Plaintiff was never informed that he could post bond. Plaintiff was not appointed counsel on the federal charges until seventeen months after his arrest. Plaintiff hired an attorney to represent him on the state court murder charges and told the attorney that he wanted to

---

[2]In that same action, Plaintiff also argued that (1) the court's delay in holding the revocation proceedings deprived him of a fair trial and presumption of innocence; (2) if he had been released on bond pending his state proceedings, he would not have been convicted on the murder charge; (3) the federal sentencing judge improperly imposed consecutive sentences; and (4) the federal judge engaged in a conspiracy with state actors to cause his conviction and extend his incarceration. The court found that none of these claims constituted a challenge to the execution or calculation of Plaintiff's federal sentence and thus were not properly raised under § 2241 and the appeal was dismissed as frivolous. Perez, 361 Fed. Appx. at 562.

post bond on both the federal and state court charges. Plaintiff's attorney told him that there was no bond set on the federal charges and that his case would not be taken up until the state court charges had been addressed. Plaintiff claims that he discovered on September 16, 2012 that a $75,000 bond had been set in his federal case on January 9, 2007 and that if he had known that, he would have posted it and been released from jail.

He asserts that during the fifteen months prior to his murder trial, he suffered physical, mental, emotional, and financial injury and seeks damages to compensate him for those losses. Plaintiff argues under Bivens that (1) he was deprived of his presumption of innocence during the fifteen months leading up to his state trial; (2) he was subjected to an unreasonable seizure when a federal detainer was lodged against him while he was being held on the murder charge and when he was not notified that he could post bond on the motion to revoke proceeding; (3) he was denied due process when he was not informed that he could post bond; (4) he was denied his right to post bond; (5) he was subjected to cruel and unusual punishment when he was not told he could post bond; and (6) his right to be free of double jeopardy was violated when the fifteen months he spent in county jail were not credited to his federal sentence. Under the FTCA he asserts causes of action for negligence, abuse of process, and intentional infliction of emotional distress, all based on the detainer and alleged misinformation about the bond. In addition to monetary damages, Plaintiff seeks a declaratory judgment and injunctive relief.

## DISCUSSION

### A. Legal Standard

Regardless of whether a Plaintiff has properly exhausted his administrative

remedies, his action may be dismissed for failure to state a claim upon which relief can be

granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim

when it is clear that the prisoner can prove no set of facts in support of his claim entitling

him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be

liberally construed in favor of the prisoner and the truth of all pleaded facts must be

assumed. Id.

### B. Analysis

### 1. Bivens Claims

"A Bivens action is analogous to an action under § 1983–the only difference being

that § 1983 applies to constitutional violations by state, rather than federal, officials. See

Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n. 14 (5th Cir. 1993) ('Bivens is

the federal counterpart of § 1983 [and] . . . extends the protections afforded by § 1983 to

parties injured by federal actors not liable under § 1983')." Evans v. Ball, 168 F.3d 856

863. n.10 (5th Cir. 1999). "To state a claim under 42 U.S.C. § 1983, a Plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States,

and must show that the alleged deprivation was committed by a person acting under color

of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48; <u>see also</u> <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995).

Plaintiff claims, pursuant to <u>Bivens</u>, that his constitutional rights were violated because the federal detainer was illegal and that he was deprived of the presumption of innocence, subjected to an unreasonable seizure, denied procedural due process, denied the right to post bond and subjected to cruel and unusual punishment. All of these claims stem from his assertion that the placing of a federal detainer on him when he was in state custody was wrongful, that Plaintiff should have been given federal credit for the time he spent in state custody, and also that United States Probation Officer Roger Perez and other federal officials lied to Plaintiff's attorney, claiming that no bond was set and that the federal matter would not be taken up until after the disposition of the state charges.[3]

It is well established that any challenge to the fact or duration of a conviction or sentence must be maintained in a habeas corpus proceeding. See <u>Preiser v. Rodriguez</u>, 411 U.S. 474, 500 (1973) (appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release). To the extent that Plaintiff challenges the supervised release proceedings in any respect, his claims for damages are necessarily contingent upon his first demonstrating that he is being held illegally. See <u>Heck</u>, 512 at 486-87 ("in order to

---

[3] As an initial matter, it is noted that Plaintiff's claim that he could have posted a $75,000 bond because he owned an automobile and some personal possessions is speculative at best. The bond was a $75,000 cash bond, not a surety bond.

8

recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been [overturned]"). Plaintiff has not been successful in his attempts to have the fifteen months he spent in county jail credited toward his federal sentence, or to otherwise have the sentence declared invalid. <u>Perez</u>, 361 Fed. Appx. at 562. Consequently, pursuant to <u>Heck</u>, he is not entitled to the damages he seeks.[1]

## 2. Statute of Limitations

In the alternative, to the extent that any of Plaintiff's <u>Bivens</u> claims is not barred by <u>Heck</u>, the claims are barred by the applicable statute of limitations. There is no federal statute of limitations on claims brought pursuant to <u>Bivens</u>, so courts look to the general personal injury limitations provided by the forum state, which in Texas is two years. <u>See</u> TEX. CIV. PRAC. & REM. CODE ANN., § 16.003(a) and <u>Owens v. Okure</u>, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In general, a cause of action accrues and limitations begins to run when a wrongful act causes a legal injury. <u>Jackson v. West Telemarketing Corp. Outbound</u>, 245 F.3d 518, 523-524 (5th Cir. 2001). The discovery

---

[1] In addition, the Court finds that there is an additional ground for dismissal of the United States Marshal Service and the United States Probation Office because these agencies are not persons for purposes of a lawsuit pursuant to <u>Bivens</u>. <u>See</u> <u>Will v. Mich. Dept. of State Police</u>, 491 U.S. 58, 64 (1989) (holding that state agencies are not persons for purposes of § 1983 lawsuits).

rule can defer accrual of certain causes of action until the Plaintiff knew, or exercising reasonable diligence, should have known, of the wrongful act causing injury. Id. at 524.

Regarding the detainer, Plaintiff knew at the very latest by April 6, 2009 that he was subject to a federal detainer because he complained about it when he sought permission to file an application for writ of mandamus. Perez, No. 2:03-cr-278-1 at D.E. 38-1. Plaintiff had two years, or until April 6, 2011, to file his Bivens lawsuit to raise complaints about the detainer. Because he did not do so until November 28, 2012,[2] he is barred by the applicable statutes of limitation from bringing the lawsuit now.

Plaintiff also is foreclosed by the statute of limitations from bringing his cause of action based on the alleged failure to notify him or his attorney that he could post bond. The information that a bond would be set for Plaintiff upon his arrest was a matter of public record as of January 9, 2007. Plaintiff alleges that one of the Defendants misrepresented the information about the bond to his attorney and that Plaintiff did not discover that the bond was available until September 16, 2012, when his mother obtained a copy of the docket sheet. He attempts to invoke the discovery rule by asserting that his cause of action accrued that day.

However, the discovery rule serves to defer the accrual of a cause of action only in limited instances, applying in cases of fraudulent concealment and when the nature of the

---

[2] Plaintiff declared under penalty of perjury that he placed his petition in the prison mail system on November 28, 2012 and it is considered filed as of that date. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).

injury is inherently undiscoverable and the injury itself is objectively verifiable.  <u>Jackson</u>,

245 F.3d at 524.  The nature of the alleged injury in Plaintiff's case was a matter of public

record and thus was not inherently undiscoverable.  In addition, the discovery rule only

defers a cause of action if Plaintiff could not have discovered it through the exercise of

reasonable diligence.  <u>Id.</u>  The petition, the warrant, and the bond were a matter of public

record in January 2007.  Accordingly, the discovery rule does not apply and even if one of

the Federal Defendants told Plaintiff's attorney that he was not eligible for a bond, a

check of the docket sheet would have shown that, at least initially, he was eligible for a

bond.  The two-year limitations period bars Plaintiff's <u>Bivens</u> claims.

### 3. Federal Tort Claims Act

Plaintiff also attempts to bring his claims under the FTCA.  The FTCA provides

that, subject to some exceptions, the United States is liable for certain damages caused by

the negligence of any employee of the Government, if a private person would be liable to

the claimant under the law of the place where the act or omission occurred.  28 U.S.C. §

1346(b).

Plaintiff asserts that the Defendants were negligent for lodging an illegal detainer

against him and also for failing to tell him that he could post bond.  The lodging of the

detainer was authorized by law and cannot be characterized as negligent. Plaintiff has

pointed to no authority supporting his allegation that there is a prohibition on placing a

federal detainer on a prisoner being held in state court and none was found.  To the

contrary, detainers are authorized by the Interstate Agreement on Detainers Act.  See,
generally, 18 U.S.C.A. App. 2 and 18 U.S.C. § 3161(j)(1).  Also, as discussed above, the
initial setting of the bond was a matter of public record and could have been discovered
by Plaintiff at any time.  On these facts, Plaintiff cannot show that Defendants were
negligent or subject to liability under the FTCA.

Plaintiff's FTCA claims are also barred by the statute of limitations.  A two-year
statute of limitations from the accrual of the cause of action applies to FTCA claims.  28
U.S.C. § 2401(b).  The FTCA time limitations are jurisdictional and can be raised at any
time or even *sua sponte* by the court.  Johnston v. United States, 85 F.3d 217, 218, n. 2
(5th Cir. 1996).

## CONCLUSION

Based on the foregoing, Plaintiff's Bivens claims are barred by Heck, and, if not
barred by Heck, are time-barred.  Plaintiff's FTCA claims are DISMISSED for failure to
state a claim and because such claims are time-barred. This is a dismissal pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii) and will be counted as a strike against Plaintiff.  The Clerk
shall report the strike to the Clerk for the Eastern District of Texas, who maintains the list
of three strikes prisoners for the State of Texas.

ORDERED this 25 day of January, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

12